# Morgan Lewis

**Michael J. Ableson**
Associate
+1.212.309.6113
michael.ableson@morganlewis.com

June 2, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Prado v. Perez, No. 18-09806(JPO)

Dear Judge Oetken:

We represent Plaintiff Mr. Jesus Prado in the above-referenced case. On July 21, 2021, this Court approved the settlement of the parties. *See* ECF No. 67.  One component of the settlement is a financial payment to Mr. Prado. *See id.*  For the reasons explained below–and having nothing to do with the fault of the parties–Mr. Prado has not yet received payment, but will within the next three months. We file this letter-motion to respectfully request that once payment is received, this Court deem payment made *nunc pro tunc* to the date of this letter – June 2, 2023. We have contacted counsel for Defendants in this case, who do not oppose this request. The reason for this request is to preserve Mr. Prado's eligibility for nursing home or long-term medical care through Medicaid,[1] should his health deteriorate within the next five years.

Because of Mr. Prado's disabilities and lack of personal resources and support, it was necessary for him to enroll in a "special needs trust" (SNT) to receive his settlement payment. The SNT administers the funds and, once payment is made, will dispense small amounts to Mr. Prado for basic life necessities. To enroll in the SNT, Mr. Prado was required to provide an individual tax identification number (ITIN) because he does not have a Social Security Number. With assistance from legal aid advocates, Mr. Prado applied for an ITIN,

---

[1]     Nothing herein shall constitute an admission by the United States with respect to plaintiff's eligibility for any benefit or coverage under any Federal Health Care program, or otherwise impact the rights of the United States to make any determination with respect to such benefit or coverage.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY 10178          T +1.212.309.6000
United States               F +1.212.309.6001

**VIA ECF**

Judge Oetken
June 2, 2023
Page 2

but the Internal Revenue Service (IRS) was delayed in processing the request. The IRS then erroneously denied the request. However, after Mr. Prado's advocates re-submitted his application and after several additional months, the IRS issued the ITIN on March 21, 2023. Once the ITIN was issued, Mr. Prado was able to eventually enroll in the SNT after some additional administrative delays. The delays have pushed the payment up against Mr. Prado's 65th birthday, which is on June 5, 2023. It is likely that payment will not be possible before that date for reasons beyond the control of the parties.

The federal Medicaid statute imposes certain disqualifications on long term care. An individual is disqualified from Medicaid payments for long term care for up to five years following a transfer of assets ("transfer penalty"). *See* 42 U.S.C. § 1396p(c)(1).[2] An exception applies where relevant assets "were transferred to a trust . . . established solely for the benefit of an individual under 65 years of age who is disabled[.]" 42 U.S.C. 1396p(c)(2)(B). The SNT that Mr. Prado has enrolled in falls within the meaning of "trust" for purposes of this exception. On June 5, 2023, Mr. Prado will turn 65. If Mr. Prado is able to receive the settlement funds into the SNT before his 65th birthday, he will fall within the exception and still remain eligible for Medicaid funds for long term care facilities. This is especially important for him because of his medical conditions, including HIV.

The *nunc pro tunc* order that Mr. Prado seeks in this request would ensure that any payment in satisfaction of the settlement agreement in this case would be deemed a transfer on this day, which is prior to this 65th birthday. The Court has the power to order relief *nunc pro tunc* in situations such as these, where the alternative would be for a vulnerable person to lose Medicaid eligibility because they were unable to organize their finances appropriately at an earlier time due to factors outside of their control. *See, e.g.*, *In re Daniel J.V.*, 33 Misc. 3d 1222(A), 943 N.Y.S.2d 791 (N.Y. Sur. Ct. 2011) (allowing SNT to be created and funded retroactively, *nunc pro tunc*, so that disabled person could recoup suspended or terminated Medicaid benefits for period during which they would have otherwise been eligible but were prevented from creating SNT by factors outside of their control).

For these reasons, Mr. Prado respectfully requests that this Court order the settlement payment be deemed effective *nunc pro tunc* to the date of this letter.

Thank you for your consideration of this request.

---

[2] According to this provision, Mr. Prado would be denied seven months of nursing home or home care if he received the settlement payment after his 65th birthday, with no safe alternatives for care, putting him at risk. *See* GIS 22 MA/12 - Medicaid Regional Rates for Calculating Transfer Penalty Periods for 2023 (PDF).

**VIA ECF**

Judge Oetken
June 2, 2023
Page 3

                        Respectfully,

                        /s/ *Michael J. Ableson*
                        Michael J. Ableson
                        michael.ableson@morganlewis.com
                        Kenneth I. Schacter
                        kenneth.schacter@morganlewis.com
                        Morgan, Lewis & Bockius LLP
                        101 Park Avenue
                        New York, NY 10178
                        Phone: 212-309-6000
                        Fax: 212-309-6001

                        Stephanie R. Reiss
                        stephanie.reiss@morganlewis.com
                        Morgan, Lewis & Bockius LLP
                        One Oxford Centre, Thirty-Second Floor
                        Pittsburgh, PA 15219
                        Phone: 412-560-3300
                        Fax: 412-560-7001

                        Andrew Wachtenheim
                        andrew@immdefense.org
                        Nabilah T. Siddiquee
                        nabilah@immdefense.org
                        Immigrant Defense Project
                        40 West 39th Street, 5th Floor
                        New York, NY 10018
                        Phone: 212-725-6422

                        *Counsel for Plaintiff*

FOR the reasons stated by Plaintiff herein, the Settlement Payment shall be deemed MADE, *nunc pro tunc*, as of June 2, 2023. The Clerk of the Court is respectfully directed to close the Docket Entry at ECF No. 73.

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

Dated: June 6, 2023
New York, New York